**CITY OF WAUSAU, WISCONSIN,**
Petitioner,

v.

**UNITED STATES of America and Interstate Commerce Commission,**
Respondents.

No. 82–1559.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1982.
Decided April 1, 1983.

William P. Nagle, City Atty., City of Wausau, Wausau, Wis., for petitioner.

Richard J. Osterman, Jr., I.C.C. Office of Gen. Counsel, Washington, D.C., for respondents.

Before WOOD, ESCHBACH, Circuit Judges, and SWYGERT, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

The issue is whether the denial by the Interstate Commerce Commission ("ICC" or "Commission") of a petition to reopen a railroad abandonment proceeding was an abuse of discretion, because it was either arbitrary or capricious.

I

On August 14, 1980, the Chicago and North Western Transportation Company ("railroad") notified the ICC of its intent to file, pursuant to 49 U.S.C. § 10904, "an application for a certificate of public convenience and necessity permitting the abandonment of a line of railroad extending from milepost 142.5 near Wisconsin Rapids, Wisconsin to railroad milepost 27.4 near Wausau, Wisconsin, a distance of 61 miles in Wood and Marathon Counties, Wisconsin." The notice was served upon state and federal officials and agencies, as well as shippers on the line. It was also published in local newspapers weekly for three consecutive weeks. On September 17, 1980, the abandonment application was filed, copies of which were served upon all known interested parties. On January 13–16, 1981, oral hearings on the abandonment application were conducted in Wausau, Wisconsin. On June 26, 1981, the Administrative Law Judge (ALJ) granted the application subject to several conditions, not pertinent to this appeal. The railroad appealed to the Commission requesting modification of the conditions. On October 5, 1981, the Commission, finding that the public convenience and necessity permitted abandonment of the rail line, issued a certificate which authorized the abandonment and eliminated two conditions imposed by the ALJ.

On January 5, 1982, the petitioner filed a petition with the Commission which is the basis of the present appeal. Petitioner sought to intervene and have the abandonment proceeding reopened because of an alleged material error, and for the purpose of receiving additional evidence on the effect of the abandonment of 2,600 feet of track included within the area authorized for abandonment on the future development of the City of Wausau West Industrial Park. The material error claimed by the petitioner is that it was the understanding of the parties and the ALJ that the abandoned area would not include the 2,600 feet of line in an industrial park immediately west of milepost 27.4 in and near Wausau.

On February 10, 1982, the ICC denied the city's petition to intervene and reopen the proceeding. The ICC held that: it had not erred in including the 2,600 feet of track in the abandonment certificate; the city was given adequate notice of the area of the proposed abandonment; there was no indication "that applicant in any way discouraged the filing of a timely protest by misleading City into believing that an abandonment to Milepost 27.4 would exclude trackage adjoining the industrial park."

On appeal the petitioner contends that: the Commission abused its discretion when it did not hold a hearing prior to its denial of the petition to reopen the abandonment proceeding; without a hearing the Commission had no basis for concluding that petitioner was not misled as to the rail site authorized for abandonment; the Commission did not base its decision on any evidence at all, and thus the decision was arbitrary and capricious.

## II

The reopening of a case for further evidentiary hearing is a matter entrusted to an agency's broad discretion. *Illinois v. United States,* 666 F.2d 1066, 1071 (7th Cir.1981). "It has been almost a rule of necessity that rehearings were not matters of right, but were pleas to discretion. And likewise it has been considered that the discretion to be invoked was that of the body making the order, and not that of a reviewing body." *Bowman Transp. v. Arkansas-Best Freight System,* 419 U.S. 281, 295, 95 S.Ct. 438, 446, 42 L.Ed.2d 447 (1974). The Commission is authorized by statute, 49 U.S.C. § 10327(g)(1), to reopen a rail carrier proceeding or to grant a rehearing "at any time on its own initiative because of material error, new evidence, or substantially changed circumstances." A reviewing court is not empowered to substitute its judgment for that of the agency. *Id.* at 285, 95 S.Ct. at 441. We will decline to require reopening the record "except in the most extraordinary circumstances." *Id.* at 296, 95 S.Ct. at 447. The petitioner faces the heavy burden of demonstrating that the Commission's refusal to reopen the record was an abuse of its discretion, because "[t]he agency [failed to] articulate a 'rational connection between the facts found and the choice made.'" *Id.* at 285, 95 S.Ct. at 441, quoting *Burlington Truck Lines v. United States,* 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962); *Simmons v. United States,* 698 F.2d 888, 899 (7th Cir. 1983). In reviewing the Commission's denial of a rehearing we apply the "arbitrary and capricious" standard. *Illinois v. United States,* 666 F.2d at 1071–72. In applying this standard, our scope of review is narrow. We "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment...." *Bowman Transp. v. Arkansas-Best Freight System,* 419 U.S. at 285, 95 S.Ct. at 441, quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).

Prior to the Commission's grant of the certificate of public convenience and necessity, which authorized the abandonment, the petitioner—City of Wausau—was given full notice and opportunity to be heard, comporting with due process. We note that at the January 13–16, 1981 hearing petitioner was represented by the Wausau Area Chamber of Commerce, the Marathon County Planning Commission, the Wisconsin Department of Transportation, and the North Central Wisconsin Regional Planning Commission. In its petition to reopen the abandonment proceeding petitioner did not present any new evidence or articulate substantially changed circumstances that could have changed the abandonment decision. *Virginia Appalachian Lumber Co. v. ICC,* 606 F.2d 1385, 1391 (D.C.Cir.1979); *see* 49 U.S.C. § 10327(g)(1). The petition contained nothing more than conclusory allegations that: the ALJ was misled by an official of the railroad as to the location of the area sought to be abandoned; and the probability that the remaining industrial park property would be sold in the future. Given the conclusory nature of petitioner's allegations, the fact that petitioner had written notice of the exact milepost designations of the area sought to be abandoned, and petitioner's representatives' participation at the hearing, we believe all that is shown in the petition to reopen the proceeding is the city's inadequate investigation of the nature and effect of the proposed abandonment. The Commission's refusal to reopen the proceeding, under such circumstances, is not an abuse of discretion.

There is no basis, under the statute or the Commission's regulations, for peti-

tioner's claim that the Commission was required to hold a hearing on petitioner's petition to reopen the abandonment proceeding. *See Illinois v. United States,* 666 F.2d at 1072 (ICC is not required by statute to hold a hearing on an abandonment application). "Absent constitutional constraints or extremely compelling circumstances the 'administrative agencies "should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." ' " *Vt. Yankee Nuclear Power v. Natural Res. D.C.,* 435 U.S. 519, 543, 98 S.Ct. 1197, 1211, 55 L.Ed.2d 460 (1978), quoting *FCC v. Schreiber,* 381 U.S. 279, 290, 85 S.Ct. 1459, 1467, 14 L.Ed.2d 383 (1965), quoting from *FCC v. Pottsville Broadcasting Co.,* 309 U.S. 134, 143, 60 S.Ct. 437, 441, 84 L.Ed. 656 (1940).

We believe that there was sufficient evidence for the Commission's conclusions that: it did not err in authorizing abandonment to extend to milepost 27.4; the city was given adequate notice; the city failed to indicate that the railroad in any way misled the city to discourage its filing of a timely protest; and the city's projected traffic levels were too speculative to justify a modification of the abandonment, even if the proceeding were reopened. We thus hold that the Commission articulated a rational basis for the refusal to reopen the proceeding. The arbitrary and capricious test does not require more. *Bowman Transp. v. Arkansas-Best Freight System,* 419 U.S. at 290, 95 S.Ct. at 444.

For the foregoing reasons the petition for review is denied.