770 F.2d 168
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WHITLEY DEVELOPMENT CORPORATION, PETITIONER,
v.
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION; ELIAS V.
MOSES, RESPONDENTS.
 NO. 84-3375
 United States Court of Appeals, Sixth Circuit.
 7/31/85
 
 Petition for Review Denied
 F.M.S.H.R.C.
 ON PETITION FOR REVIEW OF AN ORDER OF THE FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION
 Before: MARTIN, WELLFORD, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Whitley Development Corp. petitions for review of an order of the Federal Mine Safety and Health Review Commission finding Whitley in violation of 30 U.S.C. Sec. 815(c) for the retaliatory discharge of a miner. We deny the petition.
 
 
 2
 Elias Moses, the respondent, began work for Whitley on May 9, 1979. On July 3, 1979, Moses claims that he was discharged because Whitley's owner, Pascual White, believed that Moses had reported mine safety violations to the Mine Safety and Health Administration. Moses shortly thereafter filed a complaint with the Federal Mine Safety and Health Review Commission alleging that his firing was a retaliatory discharge in violation of 30 U.S.C. Sec. 815(c).
 
 
 3
 The complaint was referred to an administrative law judge, who held a hearing on that matter on November 18, 1980. On March 31, 1981, the administrative law judge issued an opinion finding that Whitley had in fact violated section 815(c) by discharging Moses. The Federal Mine Safety and Health Review Commission affirmed the administrative law judge's conclusions except it remanded the case to the administrative law judge for additional hearings on the issue of backpay. After conducting two more hearings on the backpay issue and after examining a substantial amount of documentary evidence, the administrative law judge issued a second opinion on March 13, 1984, finding Whitley liable for $29,955.10 in backpay plus interest. Whitley petitioned the Commission for review of the administrative law judge's decision, and this petition was denied. Whitley then petitioned to this Court for review pursuant to 30 U.S.C. Sec. 816(a)(1).
 
 
 4
 In its petition, Whitley alleges that there were five errors made below. First, Whitley challenges the administrative law judge's and Commission's conclusion that Moses was in fact discharged. Whitley argues that Richard McClure, Whitley's foreman, only told Moses to 'go on to the house' on July 3, 1979, and that Moses should not have interpreted this as a firing. The administrative law judge, however, found as a matter of fact that Melline's language was synonymous with a discharge in the mining industry. Moreover, a mining inspector stated that McClure told him later that same day that he had fired Moses. Because we must sustain the Commission's factual findings if they are supported by substantial evidence, 8 U.S.C. Sec. 816(a)(1), and the Commission's conclusion that Moses was discharged is easily supported by substantial evidence, we reject Whitley's first claim of error.
 
 
 5
 Second, Whitley claims that the administrative law judge deprived it of due process when the judge requested payroll records from Whitley after he conducted his initial hearing on this case in November of 1980 to help calculate backpay. Whitley claims that the administrative law judge was in essence arguing Moses' case for him by procuring these records. This argument is frivolous. Even if the administrative law judge's actions were somehow improper, which they were not, the Commission remanded the issue of backpay to the administrative law judge for further hearings on the backpay issue. Thus, if there was any error made as to the issue of backpay in the administrative law judge's initial decision, it was corrected by the Commission.
 
 
 6
 Whitley next argues that the administrative law judge miscalculated the cost of repairs that was necessitated by Moses' rough handling of the bulldozer that he operated at the mine. Whitley had argued that Moses was discharged because he carelessly handled his bulldozer instead of for retaliatory reasons. The administrative law judge and Commission found as a matter of fact that this rationale was just pretextual because two of Whitley's own employees stated that Moses was not a particularly bad bulldozer operator. Because this conclusion is supported by substantial evidence, we must affirm it.
 
 
 7
 Fourth, Whitley claims that the administrative law judge erroed in not granting its motion of December 23, 1982 to reopen the record so that it could present new evidence on the merits of Moses' retaliatory discharge claim. The administrative law judge denied Whitley's request to reopen on the ground that Whitley failed to demonstrate why it had not been able to procure the 'new' evidence when the administrative law judge initially decided the matter. Because the decision was not an abuse of discretion, see City of Wausau v. United States, 703 F.2d 1042, 1044 (7th Cir. 1983), and is well supported by the record, we affirm it.
 
 
 8
 Finally, Whitley challenges the administrative law judge's conclusion that it was still responsible for reinstating Moses after it offered to reinstate him as of February 7, 1983 and Moses did not present himself for work until February 8, 1983. When Moses did show up for work, Whitley claimed that it had needed someone immediately and that Moses services were no longer needed. The administrative law judge rejected Whitley's justification because the work which Whitley needed done was not of an urgent nature and openings occurred after February 8 which Moses could have filled. The administrative law judge's conclusion that Whitley had a continuing obligation to reinstate Moses is supported by substantial evidence, and we affirm it.
 
 
 9
 In conclusion, the administrative law judge conducted the hearings below in a meticulous and fair fashion, and no errors were committed. Whitley's petition for review is therefore denied.